UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

----------------------------------------------------------------X

ANNETTE PETERS,

                              Petitioner,

-against-

UNITED STATES OF AMERICA,

                              Respondent.

**MEMORANDUM AND ORDER**

13–MC–103 (JMA)

----------------------------------------------------------------X

A P P E A R A N C E S:

Annette Peters
    *Pro Se Petitioner*

David C. Pitluck
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
    *Attorney for Respondent*

**AZRACK, United States Magistrate Judge:**

On February 19, 2013, pro se petitioner Annette Peters filed this motion seeking to expunge or seal her arrest record.[1]

For the reasons set forth below, petitioner's motion is denied.

---

[1] There is no practical difference between a request to seal and a request to expunge; courts analyze both under the same standard. See Fernandez v. United States, Nos. 09–MC–326, 98–CR–902, 2009 WL 2227140, at *1 n.1 (E.D.N.Y. July 24, 2009) (collecting cases).

1

**BACKGROUND**

Petitioner has not disputed the facts of her arrest as presented by the government. On May 13, 2003, the Court issued an arrest warrant for petitioner. Gov't Mem. of L. in Opp'n Mot. to Expunge Criminal R. ("Gov't Opp'n") at 1, ECF No. 3; Order Issuing Arrest Warrant, United States v. Ali et al., 03–MJ–765 (E.D.N.Y.), ECF No. 5. In the complaint supporting the arrest warrant, the government alleged that about and between July 2002 and October 2002, the petitioner knowingly and intentionally conspired with others to devise a scheme to defraud in violation of 18 U.S.C. §§ 371 and 1343. Gov't Opp'n at 1. In an affidavit supporting the arrest warrant, the government alleged that petitioner participated in the fraudulent purchase and sale of property in Brooklyn, New York. Id. On September 15, 2003, the Court granted the government's motion to dismiss the criminal complaint against the petitioner without prejudice. Id.; Dismissal of Counts, 03–MJ–765, ECF No. 41.

Petitioner now seeks to have her arrest record expunged, claiming that she has "never defrauded nor will [she] ever intentionally defraud anyone." Pet'r's Affirm at 2, ECF No. 1. Petitioner explains that she and her husband initially sought to purchase a property in Brooklyn but ultimately decided not to. Id. Petitioner cites personal reasons, mainly physical injuries and mental issues, for her decision not to proceed with the purchase. Id. Further, petitioner claims that although her husband requested the paperwork back from their mortgage broker, she did not follow up with the broker when the paperwork was not returned. Id. Petitioner does not allege that she has suffered any specific hardship resulting from her arrest record. Id.

On February 19, 2013, petitioner filed the instant motion. Notice of Mot. The government filed its opposition on April 2, 2013. Gov't Opp'n. Petitioner did not file a reply.

## DISCUSSION

**A.     Standard**

Pursuant to 28 U.S.C. § 534, the Attorney General is required to establish and maintain arrest records.[2] Although no federal statute provides for the expungement of arrest records, "expungement lies within the equitable discretion of the court." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977). However, "relief usually is granted only in 'extreme circumstances.'" Id. (quoting United States v. Rosen, 343 F. Supp. 804, 807 (S.D.N.Y. 1972)). In determining whether extreme circumstances exist, "the government's need to maintain arrest records must be balanced against the harm that the maintenance of arrest records can cause citizens." Id.

Maintaining arrest records enables effective law enforcement and serves the "compelling public need for an effective and workable criminal identification procedure." Id. (quoting United States v. Seasholtz, 376 F. Supp. 1288, 1290 (N.D. Okl. 1974)). Arrest records also serve public information needs where appropriate. Moss v. United States, No. 09–MC–495, 2011 WL 1706548, at *1 (E.D.N.Y. May 4, 2011) (citing United States v. Robinson, No. 04–CR–580, 2007 WL 2077732, at *1 (E.D.N.Y. July 18, 2007)).

At the same time, an arrest record can "create serious adverse consequences" for an individual, "notwithstanding the ultimate disposition of the case." Schnitzer, 567 F.2d at 539. Courts, however, have consistently refused to expunge criminal records even where such harm exists. See Robinson, 2007 WL 2077732, at *2 ("Courts have furthermore been clear that the consequences attendant to possessing a criminal record, such as loss of financial or employment

---

[2] Under 28 U.S.C. § 534 (a)(1) and (4), the Attorney General shall "acquire, collect, classify, and preserve identification, criminal identification, crime and other records" and "exchange such records and information with, and for the official use of, authorized officials of the Federal Government including the United States Sentencing Commission, the States, including State sentencing commissions, Indian tribes, cities, and penal and other institutions."

opportunities, do not fall within the narrow bounds where expungement has been declared appropriate.") (internal quotation marks and alterations omitted). For example, difficulty in securing employment or obtaining a professional license does not warrant expungement. See e.g., Schnitzer, 567 F.2d at 540 (affirming denial of motion to expunge where defendant claimed difficulties in entering rabbinical profession); Moss, 2011 WL 1706548, at *3 (denying motion to expunge arrest record where petitioner alleged she was barred from employment as home tutor and substitute teacher as result of arrest record); Gardner v. United States, No. 10–MC–0159, 2010 WL 2292222, at *1–2 (E.D.N.Y. Apr. 26, 2010) (report and recommendation) (denying motion to expunge where petitioner alleged that arrest record prevented him from obtaining security license required for job) adopted by 2010 WL 2292398 (E.D.N.Y. June 3, 2010). Even the threat of deportation does not necessarily warrant expungement. See e.g., Akwurah v. United States, No. 99–MC–045, 1999 WL 390832 (E.D.N.Y. March 31, 1999) (denying motion to expunge where petitioner claimed he would be deported, causing immeasurable financial harm to his family, as result of arrest record).

Moreover, courts routinely deny motions to expunge arrest records "even where the arrests at issue resulted in acquittals or even dismissal of charges." United States v. Sherman, 782 F. Supp. 866, 868 (S.D.N.Y. 1991); see also Manoharan v. United States, No. 12–MC–68, 2012 WL 2872631, at *2 (E.D.N.Y. July 12, 2012) ("[C]ourts typically deny motions to expunge arrest records of those not convicted of any crime."). The government's express concession of an individual's innocence, however, if coupled with hardship, can warrant the expunging of an arrest record when charges have been dismissed. See United States v. Van Wagner, 746 F. Supp. 619, 621–22 (E.D. Va. 1990) (granting motion to expunge arrest record given "unmistakable concession" by government of defendant's innocence together with resulting economic

4

detriment); cf. Schnitzer, 567 F.2d at 540 (denying expungement where mere dismissal of indictment against defendant was not concession that defendant was innocent).

Nevertheless, the Second Circuit has found four extreme circumstances that warrant expunging an arrest record: (1) where mass arrests rendered the judicial determination of probable cause impossible; (2) where the sole purpose of the arrest was to harass civil rights workers; (3) where the police misused the record to the defendant's detriment; and (4) where the arrest, though proper, was based on a statute later declared unconstitutional. Schnitzer, 567 F.2d at 540.

**B.** **Application**

In this case, petitioner argues that her arrest record should be expunged because "the alligations [sic] brought against me was [sic] false." Pet'r's Affirm at 1. Petitioner further states that "[she has] never defrauded nor will [she] ever intentionally defraud anyone." Id. at 2. Petitioner, however, fails to allege any harm as a result of her arrest record. Even if petitioner had alleged some hardship, such an allegation would likely be insufficient to warrant expungement absent extreme or harsh circumstances.

Although petitioner adamantly asserts her innocence, the government has not conceded her innocence. Gov't Opp'n at 5–6 ("The government moved to dismiss the complaint against the petitioner without prejudice, but there is no evidence that it acknowledged that the petitioner was innocent or that her arrest was in any way improper."). Furthermore, none of the Second Circuit's four extreme circumstances warranting expungement are present here.

Accordingly, petitioner's interest in expungement does not outweigh the government's interest in maintaining arrest records.

## **CONCLUSION**

For the foregoing reasons, petitioner's motion to expunge her arrest record is denied. The Clerk of the Court is directed to serve a copy of this order upon pro se petitioner. The Clerk of the Court shall enter judgment and close the case.

Dated: June 27, 2013
Brooklyn, NY

/s/
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE